# Wade, *et al., v.* Martin, *et al.*

### Bill to Foreclose Deed of Trust, and to Subject Property as Security Thereunder.

(Decided June 30, 1908.  47 South. 340.)

*Partnership; Deeds of Trust; Property Conveyed.*—A deed of trust executed by a firm which conveyed certain described deeds and other leaseholds then owned or subsequently to be acquired by the party of the first part, together with all the interest of the party of the first part in the property covered by said deeds and leaseholds and all other property then owned or subsequently to be acquired by the party of the first part, etc., which was signed by the wife of one of the partners, conveyed the property of the firm and the property standing in the name of the partners thereof, bought for the firm in connection with the firm business, but did not convey property bought and owned by the individual partners for individual purposes.

APPEAL from Escambia Chancery Court.

Heard before Hon. L. D. GARDNER.

Bill by J. W. Wade, as trustee in a deed of trust, and another, against N. N. Martin and others, to subject property as security for debts under a deed of trust and to foreclose the same. From a decree dismissing the

bill for want of equity, complainants appeal. Affirmed.

It is alleged that the firm of Martin & Co., which is composed of N. N. Martin and L. C. Irwin, was largely indebted to the Union Naval Stores Company, and in order to secure the indebtedness executed certain deeds of trust to said Wade as trustee, covering property therein described; that S. J. R. Martin was the wife of N. N. Martin, and signed the same as such; that said deeds of trust conveyed, not alone the deeds of property therein specifically mentioned, but also any other leases, leaseholds, or other interests now owned or hereafter during the continuance of this contract, or until the indebtedness and obligations hereby secured, are fully satisfied and discharged, acquired by said party to first part, together with all the right, title, and interest of said party of the first part of, in and to the property covered thereby or described therein, and the rights and privileges therein granted, for the length of time and in the manner specified in each such lease or conveyance of leasehold or other interest in land, as also all other property, real, personal, and mixed, now owned or hereafter, during the continuance of this contract, acquired by said party of the first part, situated in said county of Escambia and state of Alabama, saving and excepting therefrom all stock of goods kept for sale now or hereafter contained in the commissary or store of said party of the first part. This same provision was incorporated in the other deeds of trust executed in the same way by the firm. The deeds of trust also contained the provision that the giving of the additional deed of trust did not affect or impair any of the indebtedness secured by the other deeds, or the property therein conveyed. By the tenth paragraph of the bill it is alleged that, during the time of dealings between said N. N. Martin & Co. and the Union Naval Stores Company, the defendant Mrs. S. J.

R. Martin acquired title to certain property, describing it, from the Lindsey Lumber Company, and certain other property from W. A. Finlay, which is described, and certain other property from T. G. Goodwin, which is described, all of which is alleged to be situated in Escambia county, Ala. By the eleventh paragraph of the bill it is alleged that J. D. Owens and wife conveyed to defendant N. N. Martin certain property, therein described, and that this property was acquired pending the existence and operation of the deeds of trust, and that Laura A. Johnson and husband conveyed to N. N. Martin & Co. certain property, which is described, during this time, all of which is alleged to be situated in Escambia county. It is alleged that Mrs. Martin has caused to be erected on some of the property a handsome residence, building, and improvements, and that the money with which the lands were purchased and with which the improvements were erected was furnished by the Union Naval Stores Company, and that the money furnished Mrs. Martin was furnished by her husband, N. N. Martin, at the time he was indebted to complainant. It is alleged that the Citizens' Bank, is claiming in hostility to complainants a prior lien on all the property described in paragraphs 10 and 11, by virtue of certain alleged mortgages which were never placed on record prior to March 5, 1906. It is sought by the prayer to bring the property described in paragraphs 10 and 11 within the influence of the deeds of trust or to declare an equitable lien thereon.

R. W. Stoutz, for appellant. No brief came to the Reporter.

M. A. Rabb, and Fitts, Leigh & Leigh, for appellees. The bill of trust conveyed only the firm property and property standing in the name of the individual mem-

bers bought for firm purposes.—9 Boswell 503; 3 A. & E. Ency. of Law, 8 and 41; 45 Am. St. Rep. 350; 46 Am. St. Rep. 883; 51 Am. St. Rep. 887; 101 Am. St. Rep. 938. The property afterwards acquired did not pass under the deed of trust on the facts stated.—*Burns v. Campbell,* 71 Ala. 271; 121 Ala. 84; 6 Fla. 62.

ANDERSON, J.—After a careful examination of the several deeds of trust sought to be foreclosed, we are of the opinion that they intended to convey only the property of the firm of N. N. Martin & Co., or property standing in the name of the individual members thereof, which was bought for the firm in connection with the business, and not property bought and owned by the individual members for individual purposes. The bill does not bring the property set out in paragraph 10 and 11 within the terms of the conveyances, and the chancellor properly dismissed the bill for want of equity.

Affirmed.

TYSON, C. J., and DOWDELL, SIMPSON, DENSON, and McCLELLAN, JJ., concur.